# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PENNYSAVER USA PUBLISHING, LLC, *et al.*,<br><br>            Debtors. | Chapter 7<br><br>Case No. 15-11198 (CSS)<br><br>Jointly Administered |
| DON A. BESKRONE, Chapter 7 Trustee of PennySaver USA Publishing, LLC *et al.*<br><br><br>                Plaintiff<br>    v.<br><br>OPENGATE CAPITAL GROUP, LLC, OPENGATE CAPITAL MANAGEMENT, LLC, PENNYSAVER INVESTORS, LLC, ANDREW NIKOU, JAY YOOK, DANIEL ABRAMS, ALANA S. CHAFFIN, VIJAY K. MONY, and VIRGINIA ANNE THORNTON<br><br>                Defendants. | Adv. Proc. No. 17-50530 (CSS) |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS DANIEL ABRAMS, ALANA S. CHAFFIN, VIJAY K. MONY, AND VIRGINIA ANNE THORNTON'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

R. Craig Martin (Bar No. 5032)
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Tel: 302.468.5655
Fax:  302.778.7834

Jeffrey A. Rosenfeld (*pro hac vice* pending)
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Tel:  310.595.3001
Fax:  310.595.3301

Dated: November 13, 2017

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS .............................................1

II.   SUMMARY OF ARGUMENT ..............................................................................1

III.  FACTUAL BACKGROUND ................................................................................4

IV.  LEGAL STANDARD...........................................................................................8

V.   LEGAL ARGUMENT..........................................................................................9

    A.     Plaintiff's Breach of Fiduciary Duties Claims Fail Because the
           Defendants were Not Fiduciaries of the Debtors and/or Creditors.............9

           i.     Plaintiff's Breach of Fiduciary Duties Claims Fail Because the
                  Employee Defendants Were Not Managers or Members of the
                  Debtors.......................................................................................9

           ii.    Plaintiff's Breach of Fiduciary Duties Claims Fail to Allege
                  that the Employee Defendants Caused the Improper Payments ....12

           iii.   Plaintiff's Attempt to Assert Breach of Fiduciary Duties
                  Claims on Behalf of the Debtors' Creditors is Improper...............14

    B.     Plaintiff's Conclusory and Inconsistent Assertions that the Employee
           Defendants were "Insiders" of Debtors Fail as a Matter of Law...............16

    C.     Plaintiff's Claim for Avoidance of Fraudulent Transfers Pursuant to 11
           U.S.C. § 548 Is Not Adequately Pled .......................................................17

           i.     Plaintiff's Allegations of Fraudulent Transfers Based on Actual
                  Fraud Violates FRCP 9(b) ...........................................................18

            ii.    Plaintiff's Allegations of Fraudulent Transfers Based on
                    Constructive Fraud Fail as a Matter of Law .................................18

    D.     Plaintiff's Claims for Avoidance of Fraudulent Transfers Pursuant to
           11 U.S.C. § 544(b) Are Not Adequately Pled...........................................20

    E.     Plaintiff's Claim for Avoidance of Preferential Transfers Pursuant to
           11 U.S.C. § 547 Is Not Adequately Pled ..................................................21

    F.     Plaintiff's Claim for Disallowance of Claims Pursuant to 11 U.S.C. §
           502(d) is Premature Because the Employee Defendants Have Not
           Filed Any Claims ......................................................................................23

    G.    Plaintiff's Claim for an Accounting Fails Because the Employee
           Defendants Were Not Fiduciaries of the Debtors ......................................24

VI.  CONCLUSION...................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AFI Holding, Inc.*,
  525 F.3d 700 (9th Cir. 2008) .....................................................................21

*JLL Consultants, Inc. v. Gothner (In re AgFeed USA, LLC)*,
  546 B.R. 318 (Bankr. D. Del. 2016) .......................................................2, 18

*JLL Consultants, Inc. v. Gothner (In re Agfeed USA, LLC)*,
  558 B.R. 116 (Bankr. D. Del. 2016) ..............................................12, 18, 20

*Sarachek v. The Right Place Inc. (In re Agriprocessors, Inc.)*,
  No. ADV 10-09123, 2011 WL 4621741 (Bankr. N.D. Iowa Sept. 30,
  2011) .......................................................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................8

*Bank of America, N.A. v. Knight*,
  63 725 F.3d 815 (7th Cir.2013) ...............................................................14

*Beach to Bay Real Estate Ctr. LLC v. Beach to Bay Realtors Inc.*,
  No. CV 10007-VCG, 2017 WL 2928033 (Del. Ch. July 10, 2017) ...........11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................8

*Bridgeport Holdings, Inc. Liquidating Trust v. Boyer (In re Bridgeport
  Holdings, Inc.)*,
  388 B.R. 548 (Bankr. D. Del. 2008) .........................................................12

*Angell v. Day (In re Caremerica, Inc.)*,
  415 B.R. 200 (Bankr. E.D.N.C. 2009).......................................................16

*Carson Optical Inc. v. eBay Inc.*,
  202 F. Supp. 3d 247 (E.D.N.Y. 2016) ........................................................9

*In re China Auto. Sys. Inc. Deriv. Litig.*,
  2013 WL 4672059 (Del. Ch. Aug. 30, 2013) ............................................12

*CML V, LLC v. Bax*,
  28 A.3d 1037 (Del. 2011) ........................................................................15

*Stanzialie v. Heico Holdings, Inc. (In re Conex Holdings, LLC)*,
    514 B.R. 405 ............................................................................................13

*Coventry Real Estate Advisors, L.L.C. v. Developers Diversified Realty
    Corp.*,
    84 A.D.3d 583 (2011) .............................................................................11

*Gellert v. The Lenick Co. (In re Crucible Materials Corp.)*,
    No. 09-11582 MFW, 2011 WL 2669113 (Bankr. D. Del. July 6, 2011)................3, 22

*Zazzali v. Wavetronix LLC (In re DBSI, Inc.)*,
    445 B.R. 351 (Bankr. D. Del. 2011) .........................................................12

*Zazzali v. AFA Fin. Grp., LLC (In re DBSI, Inc.)*,
    477 B.R. 504 (Bankr. D. Del. 2012) .....................................................3, 23

*DHP Holdings II Corp. v. Peter Skop Indus., Inc. (In re DHP Holdings II
    Corp.)*,
    435 B.R. 220 (Bankr. D. Del. 2010) .......................................................23

*EBC I, Inc. v. Am. Online, Inc. (In re EBC I, Inc.)*,
    380 B.R. 348 (Bankr. D. Del. 2008) .......................................................19

*Emerald Capital Advisors Corp. v. Bayerische Moteren Werke
    Aktiengesellschaft (In re FAH Liquidating Corp.)*,
    572 B.R. 117 (Bankr. D. Del. 2017) .......................................................21

*Official Comm. of Unsecured Creditors v. Goldman Sachs Credit
    Partners, L.P. (In re Fedders N. Am., Inc.)*,
    405 B.R. 527 (Bankr. D. Del. 2009) .......................................................20

*Frank v. Elgamal*,
    No. 6120-VCN, 2014 WL 957550 (Del. Ch. Mar. 10, 2014)......................11

*Friedman v. Dolan*,
    2015 WL 4040806 (Del. Ch. June 30, 2015)............................................14

*Garza v. Citigroup Inc.*,
    192 F. Supp. 3d 508 (D. Del. 2016).....................................................3, 24

*Imbert v. LCM Interest Holding LLC*,
    No. CIV.A. 7845-ML, 2013 WL 1934563 (Del. Ch. May 7, 2013)............11

*In re Insilco Techs., Inc.*,
    330 B.R. 512 (Bankr. D. Del. 2005) .......................................................22

*Kuroda v. SPJS Holdings, L.L.C.*,
    No. CIV.A. 4030-CC, 2010 WL 925853 (Del. Ch. Mar. 16, 2010) ..........................10

*Spradlin v. Monday Coal, LLC (In re Licking River Mining, LLC)*,
    571 B.R. 241 (Bankr. E.D. Ky. 2017)....................................................................2, 17

*Spradlin v. Wrigley's 7-711, Inc. (In re Licking River Mining, LLC)*,
    572 B.R. 830 (Bankr. E.D. Ky. 2017)..................................................................16, 21

*N. Am. Steel Connection, Inc. v. Watson Metal Prod. Corp.*,
    515 F. App'x 176 (3rd Cir. 2013) ...........................................................................2, 9

*In re NewStarcom Holdings, Inc.*,
    547 B.R. 106 (Bankr. D. Del. 2016) .........................................................................14

*Gold v. Winget (In re NM Holdings Co., LLC)*,
    407 B.R. 232 (Bankr. E.D. Mich. 2009) ...................................................................18

*OHC Liquidation Trust v. Nucor Corp. (In re Oakwood Homes Corp.)*,
    325 B.R. 696 (Bankr. D. Del. 2005) .........................................................................19

*Tese-Milner v. Eddin & Assocs. (In re Operations NY LLC.)*,
    490 B.R. 84 (Bankr. S.D.N.Y. 2013) ........................................................................16

*Indiv. Enters. Of Am., Inc. v. Mazzuto (In re Pitt Penn Holding Co.)*,
    484 B.R. 25 (Bankr. D. Del. 2012) ...........................................................................20

*Rhodes v. Silkroad Equity, LLC*,
    Civ. No. 2133–VCN, 2007 WL 2058736 (Del.Ch. July 11, 2007) ...........................24

*Staudinger+Franke GMBH v. Casey*,
    No. 13 CV 6124 (JGK), 2015 WL 3561409 (S.D.N.Y. June 8, 2017) .......................19

*Steinberg v. Buczynski*,
    40 F.3d 890 (7th Cir. 1994) ......................................................................................15

*Pryor v. Tiffen (In re TC Liquidations LLC)*,
    463 B.R. 257 (Bankr. E.D.N.Y. 2011).......................................................................19

*Miller v. McCown De Leeuw & Co., Inc. (In re The Brown Sch.)*,
    368 B.R. 394 (Bankr. D. Del. 2007) .........................................................................20

*Trusa v. Nepo*,
    No. CV 12071-VCMR, 2017 WL 1379594 (Del. Ch. Apr. 13, 2017) .......................16

*In re Walt Disney Co. Deriv. Litig.*,
   907 A.2d 693 (Del. Ch. 2005)...................................................................14

*In re Washington Mut. Inc.*,
   2013 WL 3757330 (Bankr. D. Del. July 16, 2013)...................................22

*Miller v. McDonald (In re World Health Alternatives, Inc.)*,
   385 B.R. 576 (Bankr. D. Del. 2008) .........................................................11

**Statutes**

11 U.S.C. § 101(30) .......................................................................................16

11 U.S.C. § 502(d) ...........................................................................................5

11 U.S.C. § 544(b) ...........................................................................................4

11 U.S.C. § 548........................................................................................17, 18, 20, 21

6 Del. Code § 18-101(10) ................................................................................9

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

On May 26, 2017, Plaintiff Don Beskrone ("Plaintiff"), Chapter 7 Trustee of the estates of PennySaver USA, LLC, PennySaver USA Printing, LLC, PennySaver USA Publishing, LLC, Orbiter Properties, LLC, and Monthly Mailer, LLC (collectively, the "Debtors") filed the Complaint in the above-captioned adversary proceedings.

On November 13, 2017, Defendants Daniel Abrams, Alana S. Chaffin, Vijay K. Mony, and Virginia Anne Thornton (collectively, the "Employee Defendants") filed a Motion to Dismiss Plaintiff's Complaint. Defendants hereby submit this Opening Brief in support of their Motion.

II.     **SUMMARY OF ARGUMENT**

Plaintiff has filed a meritless Complaint seeking to hold four employees (the "Employee Defendants") who worked for Debtors' parent company liable for, among other things, claims of breaches of fiduciary duties, fraudulent transfers, and avoidance of preferential transfers. Plaintiff's Complaint is premised on internally inconsistent allegations, which violate well established case law. Contrary to Plaintiff's allegations, the Employee Defendants could not owe fiduciary duties to the Debtors because they were neither managers nor controlling members of the Debtors. In addition, Plaintiff's allegations are conclusory and fail to comply with basic federal pleading requirements.

Plaintiff's Complaint should be dismissed on the following grounds:

1.      Plaintiff's claims against the Employee Defendants for breaches of fiduciary duties (Counts 15 & 16) are improper because **the Employee Defendants were not members or managers of the Debtors**. Under Delaware law, only managers and

controlling members of LLCs owe fiduciary duties. *E.g., N. Am. Steel Connection, Inc. v. Watson Metal Prod. Corp.*, 515 F. App'x 176, 182 (3rd Cir. 2013) (president of an LLC's parent company did not owe fiduciary duties to the LLC because there was "no evidence that [the president] was in fact the manager of [the LLC].").  Plaintiff's Complaint does not – and cannot – allege that Employee Defendants were managers or members of the Debtors.  In addition, even if the Employee Defendants were fiduciaries of the Debtors (they were not), Plaintiff fails to allege any facts suggesting that the Employee Defendants caused the allegedly improper payments.

2.      Plaintiff's Complaint improperly asserts that the Employee Defendants were "insiders" of the Debtors based on conclusory and internally inconsistent allegations.  Plaintiff claims that the Employee Defendants performed "no material amount of work" for the Debtors while simultaneously claiming that the Employee Defendants "controlled" the Debtors and qualified as "insiders" of the Debtors. Plaintiff's "insider" allegations amount to nothing more than "bare statements," which are insufficient under federal law. *Spradlin v. Monday Coal, LLC (In re Licking River Mining, LLC)*, 571 B.R. 241, 254 (Bankr. E.D. Ky. 2017).

3.      Plaintiff's fraudulent transfer claims (Counts 10, 11 & 12) violate the specificity requirements set forth by FRCP 9(b).  In violation of FRCP 9(b), Plaintiff's fraudulent transfer allegations refer collectively to five "Debtors" and fail to specify which debtor was involved in the alleged transfers.  *JLL Consultants, Inc. v. Gothner (In re AgFeed USA, LLC)*, 546 B.R. 318, 337 (Bankr. D. Del. 2016).  In addition, regardless of FRCP 9(b), Plaintiff's allegations fail to adequately allege that the Debtors did not

receive "reasonably equivalent value" in exchange for the salaries and bonuses paid to the Employee Defendants.

4.      Plaintiff's preferential transfer claim (Count 14) fails because Plaintiff does not specify which debtor was involved in the alleged transfers.  *Gellert v. The Lenick Co. (In re Crucible Materials Corp.)*, No. 09-11582 MFW, 2011 WL 2669113, *4 (Bankr. D. Del. July 6, 2011).  In addition, Plaintiff's preferential transfer claim also fails because (a) it is improperly premised on conclusory "insider" allegations, and (b) it does not allege the "nature and amount" of any "antecedent" debt.

5.      Plaintiff's claim for disallowance of claims (Count 18)  is "premature" because the Employee Defendants have not filed any proofs of claims in this proceeding, nor has the Plaintiff obtained any judgment against the Employee Defendants.  *E.g., Zazzali v. AFA Fin. Grp., LLC (In re DBSI, Inc.)*, 477 B.R. 504, 517 (Bankr. D. Del. 2012).

6.      Plaintiff's claim for an accounting (Count 17)  fails because, under Delaware law, an accounting is not a "freestanding claim," but rather is a remedy for breaches of fiduciary duties.  *E.g., Garza v. Citigroup Inc.*, 192 F. Supp. 3d 508, 515 (D. Del. 2016).  Here, because (a) an accounting is not a freestanding claim, and (b) the Employee Defendants were not fiduciaries of Debtors, Plaintiff's accounting claim must be dismissed.

Accordingly, the Employee Defendants respectfully request that the Court enter an Order dismissing Plaintiff's Complaint with prejudice.

## III.   FACTUAL BACKGROUND

On May 26, 2017, Plaintiff filed the Complaint in this adversary proceeding on behalf of five Debtors, which are limited liability companies organized under Delaware law.  Compl., p. 1 & n.1.[1]  Plaintiff's Complaint alleges claims against OpenGate Capital Group, LLC ("OpenGate Capital"), OpenGate Capital Management, LLC ("OpenGate Management"), PennySaver Investors, LLC (together with OpenGate Capital and OpenGate Management, "OpenGate"), Andrew Nikou, Jay Yook, and the Employee Defendants.  *Id.*, pp. 1-2.  Plaintiff's Complaint alleges that OpenGate is the parent company of the Debtors.  *Id.*, ¶ 11.

Plaintiff's Complaint alleges a total of sixteen counts, however, Plaintiff only names the Employee Defendants as defendants in eight counts.  Compl., ¶¶ 145-195.  In particular, Plaintiff names the Employee Defendants as defendants in the following counts:  (a) Tenth Count – Fraudulent Transfer – Payment of OPG Employee Payments to Employee Defendants (11 U.S.C. §§ 544(b) & 550, 6 Del. Code §§ 1304(a) & 1307, Cal. Civ. Code §§ 3439.04 & 3439.07); (b) Eleventh Count – Fraudulent Transfer – Payment of OPG Employee Payments to the Employee Defendants (11 U.S.C. §§ 544(b) & 550, 6 Del. Code §§ 1305 & 1307, Cal. Civ. Code §§ 3439.05 & 3439.07); (c) Twelfth Count – Fraudulent Transfer – Payment of OPG Employee Payments to the Employee Defendants (11 U.S.C. §§ 548 & 550); (d) Fourteenth Count – Avoidance and Recovery of Preferential Insider Transfers – OPG Employee Payments (11 U.S.C. §§ 547 & 550);

---

[1]  *See* Defendants' Request for Judicial Notice, Exs. A-E [Delaware Division of Corporations Records Relating to Debtors] & Ex. F [Trustee's Motion for Joint Administration, ¶ 9 (stating that "[t]he Debtors are all Delaware limited liability companies.")].

(e) Fifteenth Count – Breach of Obligations and Fiduciary Duties to Debtors;   (f) Sixteenth Count – Breach of Obligations and Fiduciary Duties to Debtors;   (g) Seventeenth Count – Accounting;  and (h) Eighteenth Count – Disallowance of Claims (11 U.S.C. § 502(d)).  *Id.*

Plaintiff's Complaint alleges that OpenGate acquired the Debtors on September 27, 2013, for a purchase price of $22.5 million.  Compl., ¶ 11.  Plaintiff's Complaint alleges that, after acquiring the Debtors, OpenGate caused the Debtors to make certain improper payments to OpenGate, the Employee Defendants, and a third-party entity known as Fusion Paperboard.  *Id.*, ¶¶ 57-84.

1.      With respect to the Employee Defendants, Plaintiff alleges that OpenGate caused the Debtors to pay salaries and bonuses to the Employee Defendants.  *Id.*, ¶¶ 64-69.

2.      With respect to OpenGate, Plaintiff alleges that OpenGate caused the Debtors to pay a dividend, closing expenses, IT payments, a tax payment, and monthly management fees to OpenGate.  *Id.*, ¶¶ 58-63, 83-84.

3.      With respect to Fusion Paperboard, Plaintiff alleges that OpenGate caused the Debtors to provide a "fusion loan" to Fusion Paperboard.  *Id.*, ¶¶ 70-76.

Plaintiff's Complaint alleges that each of the Employee Defendants "were at all operative times for this Complaint, employees of OpenGate."  Compl., ¶ 64.  However, Plaintiff's Complaint is **internally inconsistent** with respect to the Employee Defendants' relationship to the Debtors.  Plaintiff claims that the Employee Defendants performed "**no material amount of work**" for the Debtors, while simultaneously

claiming that the Employee Defendants "directed" the Debtors' management and that the Employee Defendants were "insiders" of Debtors.    *Id.*, ¶¶ 30-31, 33-34. (emphasis added).    Plaintiff's Complaint **does not allege that the Employee Defendants were members, managers, officers, or directors of the Debtors.**    *See id.*, ¶¶ 30-31, 33-34, 64.[2]    Nor does Plaintiff's Complaint explain what positions the Employee Defendants held with respect to the Debtors.    *See id.*

While Plaintiff does not explain what positions the Employee Defendants held with respect to the Debtors, Plaintiff's Complaint alleges, in conclusory fashion, that the Employee Defendants owed fiduciary duties to the Debtors and/or to the Debtors' creditors.  Compl., ¶¶ 180-190.  In particular, Plaintiff's Fifteenth Count alleges that the Employee Defendants owed fiduciary duties "to the Debtors," whereas Plaintiff's Sixteenth Count alleges that the Employee Defendants owed fiduciary duties to "creditors of the Debtors."[3]    *Id.*, ¶¶ 181-186.    Plaintiff's Complaint further alleges that the Employee Defendants breached their fiduciary duties to Debtors and/or creditors by causing the Debtors to make improper payments.  Compl., ¶¶ 180-190.  However, Plaintiff's Complaint does not set forth any facts indicating that the Employee

---

[2] Plaintiff, as the bankruptcy trustee, is presumably in possession of documents indicating that the Employee Defendants were not members or managers of the Debtors.  Indeed, the various Operating Agreements show that OpenGate Capital Group, LLC was the manager and sole member of PennySaver Investors, LLC, which, in turn, was the sole manager and member of PennySaver USA, LLC, that was itself the sole manager and member of PennySaver USA Printing, LLC, PennySaver USA Publishing, LLC, and Orbiter Properties, LLC.

[3] Plaintiff's Sixteenth Cause of Action alleges that the "Insider Defendants" owed fiduciary duties to creditors.  Compl., ¶ 186.  While Plaintiff's Complaint does not define the term "Insider Defendants," the term presumably includes the Employee Defendants given that the Complaint alleges that each of the Employee Defendants is an insider.  *Id.* ¶¶ 30-31 and 33-34.

Defendants participated in the decisions to make any of the allegedly improper payments. *See id.* and Compl., ¶¶ 64-69 (alleging that OpenGate directed the payments and demanded the raises).

Plaintiff's Complaint also alleges that the salaries and bonuses that the Debtors paid to the Employee Defendants constitute avoidable fraudulent transfers under bankruptcy law.  Compl., ¶¶ 158-163.   While Plaintiff alleges that the Debtors did not receive "reasonably equivalent value" for the salary and bonus payments, Plaintiff's Complaint does not explain what positions, roles or responsibilities the Employee Defendants held with respect to the Debtors.  *See id.*  To the contrary, Plaintiff's assertion that Debtors did not receive reasonably equivalent value for salaries and bonuses is premised on the conclusory – and internally inconsistent – assertion that the Employee Defendants performed "no material amount of work."  *See id.*, ¶¶ 30-31, 33-34, 64.

Plaintiff's Complaint does not distinguish between the five Debtors involved in this adversary proceeding.  *See, e.g.,* Compl., ¶¶ 145-195.  Plaintiff's allegations refers to the term "Debtors," which is a defined term that encompasses five separate entities:  (1) PennySaver USA, LLC, (2) PennySaver USA Printing, LLC, (3) PennySaver USA Publishing, LLC, (4) Orbiter Properties, LLC, and (5) Monthly Mailer, LLC.  *See* Compl., p. 1 & n.1.  For example, with respect to Plaintiff's claims for breaches of fiduciary duties, Plaintiff contends that the Employee Defendants owed fiduciary duties "to the **<u>Debtors</u>**…."  *Id.*, ¶ 181 (emphasis added).  Likewise, with respect to Plaintiff's claims for fraudulent transfers and avoidance of preferences, Plaintiff contends that "the **<u>Debtors</u>** paid and transferred…" monies. *Id.*, ¶¶ 147, 154, 159, 173 (emphasis added).

To date, the Employee Defendants have not filed any proofs of claims in these bankruptcy proceedings.  In addition, Plaintiff, the bankruptcy trustee, has not obtained any judgments against the Employee Defendants.   Additionally, the Employee Defendants do not consent to the entry of final orders or judgments by this Court and reserve all rights regarding this Court's subject matter jurisdiction, including, but not limited to, moving for withdrawal of the jurisdictional reference with respect to this adversary proceeding and asserting their right to demanding a jury trial at the appropriate time under Federal Rule of Bankruptcy Procedure 9015, which incorporates Federal Rule of Civil Procedure 38 and makes it applicable to this adversary proceeding.

## IV.    LEGAL STANDARD

To withstand a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If the complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotations omitted).  "The pleading standard Rule 8 announces… demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*.

In deciding a motion to dismiss, courts "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  In addition, where "plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept

the contradictory allegations in the pleadings as true in deciding a motion to dismiss."

*Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016).

## V.    LEGAL ARGUMENT

### A.    Plaintiff's Breach of Fiduciary Duties Claims Fail Because the Defendants were Not Fiduciaries of the Debtors and/or Creditors

Plaintiff's Complaint improperly asserts claims against the Employee Defendants for beaches of fiduciary duties to the Debtors and/or creditors.  *See* Compl., ¶¶ 180-190. Such claims fail as a matter of law.

#### i.    Plaintiff's Breach of Fiduciary Duties Claims Fail Because the Employee Defendants Were Not Managers or Members of the Debtors

Plaintiff cannot allege that the Employee Defendants were fiduciaries of the Debtors or creditors because, under Delaware law, fiduciary duties **only apply to managers and controlling members of LLCs.**    In *N. Am. Steel Connection, Inc. v. Watson Metal Prod. Corp.*, the Third Circuit addressed nearly identical circumstances. 515 F. App'x 176, 182-183 (3rd Cir. 2013).   There, a plaintiff attempted to sue the president of a parent company, which, in turn, was a member of a Delaware LLC.  *Id.* at 177.  Like here, the plaintiff alleged that the president of the parent company breached his fiduciary duties to the Delaware LLC.  *Id.* at 182-183.  The Third Circuit rejected that argument, finding that the president of the parent company could not owe fiduciary duties to the limited liability company because "**there is no evidence that [the president] was in fact the manager of [the LLC]."**   *Id.* at 182 (emphasis added).  The Third Circuit reasoned:

> [t]he manager of an LLC is not simply a person who
> assumes management responsibilities.    Rather, under
> Delaware law, the 'manager' must have been 'named as a
> manager… in a limited liability company agreement or
> similar instrument under which the limited liability
> company is formed.'

*Id.* Following Section 18-101 of the Delaware LLC Act, the Third Circuit explained that the president of the parent company could "not have unilaterally established himself as manager of the LLC through… statements."  *Id.* at 183; *see also* 6 Del. Code § 18-101(10) (defining a "Manager" as a person so designated in "a limited liability company agreement…").

Likewise, in *Kuroda v. SPJS Holdings, L.L.C.*, the Delaware Court of Chancery held that only managers and controlling members owe fiduciary duties to limited liability companies.   No. CIV.A. 4030-CC, 2010 WL 925853, *7 (Del. Ch. Mar. 16, 2010). There, a plaintiff attempted to assert a claim for breach of fiduciary duties against a non-managing member of a limited liability company.  *Id.* at *1-2.  The Court of Chancery held: "Kuroda was a Non-Managing Member… He was neither a manager of [the LLC] nor a controlling member, and thus he has no fiduciary duties." *Id.* at *7.  The Court of Chancery further explained that, **<u>"[n]o matter how 'central' Kuroda was to the entire business endeavor," his obligations were governed by "contractual duties, not fiduciary ones."</u>** *Id.* at *8 (emphasis added).   In light of the fact that the non-managing member could not owe fiduciary duties to a limited liability company, the Court of Chancery "grant[ed] in full" the motion to dismiss the claim for breach of fiduciary

-10-

duties.  *Id.*;  *see also Coventry Real Estate Advisors, L.L.C. v. Developers Diversified Realty Corp.*, 84 A.D.3d 583, 584 (2011).[4]

Other courts have held similarly, i.e., only managers and controlling members owe fiduciary duties to LLCs.  *See, e.g., Imbert v. LCM Interest Holding LLC*, No. CIV.A. 7845-ML, 2013 WL 1934563, *7 (Del. Ch. May 7, 2013) ("Delaware law imposes no default fiduciary duties on non-managing, non-controlling members of limited liability companies."); *Beach to Bay Real Estate Ctr. LLC v. Beach to Bay Realtors Inc.*, No. CV 10007-VCG, 2017 WL 2928033, *5 (Del. Ch. July 10, 2017) ("it is well settled that only managing members or controllers owe fiduciary duties by default in LLCs.").

Here, Plaintiff's Complaint includes no allegations indicating that the Employee Defendants were managers or controlling members of the Debtors, which are LLCs organized under Delaware law.    Absent such allegations, the Employee Defendants cannot owe fiduciary duties to the Debtors or creditors.[5]

---

[4] Even if the Debtors were corporations (they are not), Delaware courts hold that, in the context of corporations, fiduciary duties are limited to officers and directors.  "Under Delaware law, the individuals who owe fiduciary duties to a corporation and its stockholders are the corporation's directors and, to a similar extent, officers."  *Frank v. Elgamal*, No. 6120-VCN, 2014 WL 957550, *20 (Del. Ch. Mar. 10, 2014) (alleged "key employees" could not owe fiduciary duties because such employees were neither officers or directors).  It is well established that "Delaware law does not impose fiduciary dut[ies] on 'employees' generally…"  *Miller v. McDonald (In re World Health Alternatives, Inc.)*, 385 B.R. 576, 571 (Bankr. D. Del. 2008).  Here, Plaintiff's Complaint contains no facts suggesting that the Employee Defendants were officers or directors with respect to Debtors, and as stated in footnote 2 above, Plaintiff will not be able to plead or allege those facts.

[5] And, as is standard, such allegations will be tempered by the terms of the relevant Operating Agreements, which limit liability and provide advancement and indemnification rights to various persons.

ii.    **Plaintiff's Breach of Fiduciary Duties Claims Fail to Allege that the Employee Defendants Caused the Improper Payments**

Even if the Employee Defendants owed fiduciary duties to the Debtors (they did not), Plaintiff's Complaint fails because it does not allege facts indicating that the Employee Defendants caused Debtors to pay the allegedly improper payments.  Delaware courts hold that a claim for breach of fiduciary duties fails, where, as here, the plaintiff does not allege facts suggesting the alleged fiduciary participated in improper conduct. "**A complaint fails to state a claim against an alleged officer for breach of fiduciary duty when it fails to allege facts demonstrating that (1) he took part in the challenged conduct** and (2) failed to demonstrate the due care attendant to his particular office in doing so." *Bridgeport Holdings, Inc. Liquidating Trust v. Boyer (In re Bridgeport Holdings, Inc.)*, 388 B.R. 548, 573 (Bankr. D. Del. 2008) (emphasis added).

For example, in *JLL Consultants, Inc. v. Gothner (In re Agfeed)*, the Delaware bankruptcy court dismissed a plaintiff's breach of fiduciary duty claim because the claim failed to allege that the defendant was involved in the transaction.  The court explained: "[t]he Amended Complaint fail[ed] to allege that … Gothner, in his capacity as a fiduciary to AgFeed, [was] involved in the transaction. … As a result, the Court concludes that the Amended Complaint fails to allege sufficient facts… to support a cause of action for breach of the duty of loyalty."  558 B.R. 116, 129 (Bankr. D. Del. 2016).[6]

---

[6] *See also Zazzali v. Wavetronix LLC (In re DBSI, Inc.)*, 445 B.R. 351, 358 (Bankr. D. Del. 2011) (dismissing fiduciary duty count which "fail[ed] to identify any specific prior allegations that could properly fall within a breach of fiduciary duty count."); *In re China Auto. Sys. Inc. Derivative Litig.*, No. CV7145-VCN, 2013 WL 4672059, *8 (Del. Ch.

Likewise, in *Stanzialie v. Heico Holdings, Inc. (In re Conex Holdings, LLC)*, the Delaware bankruptcy court dismissed breach of fiduciary duty claims alleging that certain LLC officers caused the LLC to make fraudulent transfers.   514 B.R. 405, 407, 414-15 (Bankr. D. Del. 2014) (Sontchi, J.).   There, like here, the trustee improperly "lump[ed]" together several defendants "without supplying specific facts as to each defendant's wrongdoing." *Id.* at 414-15.   The court held:

> [T]he Trustee has failed to satisfy  the *Twombly* and *Iqbal* pleading standard. … [T]he Trustee lumps all of the Individual Defendants together as "Officers and Directors" (and incorrectly, at least as to the reference to "directors") without supplying specific facts as to each defendant's wrongdoing. … the Trustee has not provided any specific facts as to which transactions a particular defendant authorized, nor did the Trustee allege what authority any particular defendant had to approve such transactions. …the allegations are "vague and lack sufficient detail about which officers, if any, knowingly participated." This is not a close question. Much more specificity is needed here to satisfy the legal standard.

*Id.*

Here, like in *AgFeed* and *Conex Holdings*, Plaintiff's Complaint does not allege that the Employee Defendants were officers or directors of any of the Debtors and does not plead any facts suggesting that any of the Employee Defendants caused any of the improper payments.   Indeed, the only allegation as to who caused these payments is that OpenGate "directed the Debtors to give" the Employee Defendants a raise.   *See* Compl., ¶ 66.   Plaintiff has neither "provided any specific facts as to which transactions" the

---

Aug. 30, 2013) (dismissing fiduciary duty claim because "the Complaint does not allege with particularity any direct or personal involvement by the Defendants…").

Employee Defendants allegedly authorized, nor has Plaintiff alleged "what authority" the Employee Defendants "had to approve such transactions." *In re Conex Holdings, LLC*, 514 B.R. at 414.[7]

Lastly, while Plaintiff alleges that the Employee Defendants received salaries and bonuses from the Debtors, such allegations are not sufficient to plead a claim for breach of fiduciary duties. Delaware courts hold that merely receiving salaries and bonuses from a company cannot constitute a breach of fiduciary duties. For example, in *In re Walt Disney Co. Deriv. Litig.*, 907 A.2d 693, 757 (Del. Ch. 2005), the Delaware Court of Chancery explained that an officer could "not breach his fiduciary duty of loyalty by receiving the [employment termination] payment because he played no part in the decisions…." 907 A.2d 693, 757 (Del. Ch. 2005). Other courts have held similarly, i.e., merely receiving salary or bonuses does not constitute a breach of fiduciary duties. *See, e.g., Friedman v. Dolan,* 2015 WL 4040806, *9 (Del. Ch. June 30, 2015).

### iii.    Plaintiff's Attempt to Assert Breach of Fiduciary Duties Claims on Behalf of the Debtors' Creditors is Improper

Plaintiff's attempt to assert breach of fiduciary duty claims on behalf of the Debtors' creditors (*see* Compl., ¶ 186) is improper. In particular, Plaintiff's Sixteenth Count alleges that the "Insider Defendants owed fiduciary duties to the **creditors** of the Debtors." Compl., ¶ 186 (emphasis added). Creditors, however, are not owed fiduciary

---

[7] In *Bank of America, N.A. v. Knight*, the Seventh Circuit similarly held: "Liability is personal. An allegation that *someone* looted a corporation does not propound a plausible contention that a particular person did anything wrong. …. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed." 63 725 F.3d 815, 818 (7th Cir.2013) (emphasis in original).

duties, and in the context of an LLC, do not even have standing to assert those claims. The fact that creditors are not owed fiduciary duties is well established in Delaware and the archaic suggestion that management duties shift to creditors at some point is no longer valid. *See North Amer. Catholic Ed. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92 (Del. 2007). Thus, as explained by *Steinberg v. Buczynski*, a bankruptcy trustee is "confined to enforcing entitlements of the corporation. **He has no right to enforce entitlements of a creditor.**" 40 F.3d 890, 893 (7th Cir. 1994) (emphasis added). "Although the powers of the Trustee are wide in scope, he has no power to assert fiduciary duty claims on behalf of … creditors." *In re NewStarcom Holdings, Inc.*, 547 B.R. 106, 121 (Bankr. D. Del. 2016). Accordingly, the Court should reject Plaintiff's attempt to assert fiduciary duty claims on behalf of creditors.

Plaintiff also lacks standing to assert claims on behalf of the Debtors' creditors because, under Delaware law, creditors of LLCs have no standing to sue for claims of breaches of fiduciary duties. To the contrary, only LLC members (not creditors) may assert claims for breaches of fiduciary duties. In *CML V, LLC v. Bax*, a creditor attempted to sue "present and former officers" of an LLC "directly and derivatively for breaching their fiduciary duties." 28 A.3d 1037, 1039 (Del. 2011). The Delaware Supreme Court held that the creditor had no standing to assert claims of breaches of fiduciary duties and affirmed the dismissal of all claims. *Id.* at 1040. The Delaware Supreme Court held that "only LLC members or assignees of LLC interests have standing to sue on behalf of an LLC–creditors do not. Therefore, section 18-1002 preclude[s] the [creditor] from suing derivatively and the Vice Chancellor properly

-15-

granted the motion to dismiss." *Id.* at 1043.  In addition, the Delaware Supreme Court distinguished legal principles applicable to Delaware corporations, reasoning that different rules apply to LLCs pursuant to the Delaware LLC Act.  *Id.* at 1045; *see also Trusa v. Nepo*, No. CV 12071-VCMR, 2017 WL 1379594, *4 (Del. Ch. Apr. 13, 2017) ("Trusa does not have standing as a creditor to assert breach of fiduciary duty claims…").

**B.      Plaintiff's Conclusory and Inconsistent Assertions that the Employee Defendants were "Insiders" of Debtors Fail as a Matter of Law**

In an attempt to extend the reach-back period for Plaintiff's avoidance of preferential transfers claim, Plaintiff's Complaint claims that the Employee Defendants were "insiders" of the Debtors pursuant to 11 U.S.C. section 101(30).   However, Plaintiff's allegations are premised on conclusory and inconsistent allegations that fail as a matter of law.

Under federal law, a bankruptcy trustee "must plead facts that support a plausible claim that Defendant either is a statutory insider as defined in section 101(31)(B), or that Defendant is a non-statutory insider."   *Sarachek v. The Right Place Inc. (In re Agriprocessors, Inc.)*, No. ADV 10-09123, 2011 WL 4621741, *10 (Bankr. N.D. Iowa Sept. 30, 2011).   "Insider" allegations are insufficient if they "fail[] to address in what capacity the defendants are insiders of the debtors."   *Angell v. Day (In re Caremerica, Inc.)*, 415 B.R. 200, 206 (Bankr. E.D.N.C. 2009).   In addition, "insider" allegations that "only stat[e] conclusions and do[] not provide an adequate factual basis to create a plausible inference" fail as a matter of law.   *Spradlin v. Wrigley's 7-711, Inc. (In re Licking River Mining, LLC)*, 572 B.R. 830, 841 (Bankr. E.D. Ky. 2017); *see also Tese-Milner v. Eddin & Assocs. (In re Operations NY LLC.)*, 490 B.R. 84, 102 (Bankr.

S.D.N.Y. 2013) (allegation that "Defendants… possessed a professional or business relationship with the Debtor and are 'insiders' of the Debtor…" was a "conclusory allegation… not entitled to any consideration.").

Here, as set forth above, Plaintiff's "insider" status allegations are premised on conclusory and inconsistent assertions.  Plaintiff claims that the Employee Defendants performed "**no material amount of work**" for the Debtors, while simultaneously claiming that the Employee Defendants "controlled" Debtors' management and that the Employee Defendants were "insiders" of Debtors.  *See* Compl., ¶¶ 30-31, 33-34 (emphasis added).  Plaintiff does not allege that the Employee Defendants were officers, directors or managers of the Debtor entities, nor does Plaintiff even attempt to explain what positions the Employee Defendants held with respect to the Debtors.  *See id.* Plaintiff's "insider" allegations amount to nothing more than "bare statements," which are insufficient under federal law.  *In re Licking River Mining, LLC*, 571 B.R. at 254. Accordingly, Plaintiff's "insider" allegations fail as a matter of law.

C.    **Plaintiff's Claim for Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548 Is Not Adequately Pled**

Plaintiff's claim for avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548 fails because it is not adequately pled in accordance with FRCP 9(b).  While Plaintiff does not specify whether his claim is based on actual or constructive fraud, Plaintiff's claim includes allegations relating to actual fraud.  *See, e.g.,* Compl., ¶ 161.

i.    **Plaintiff's Allegations of Fraudulent Transfers Based on Actual Fraud Violates FRCP 9(b)**

Where, as here, a party alleges a fraudulent transfer claim based on actual fraud, the claim must satisfy the requirements of FRCP 9(b).   Under Delaware law, a fraudulent transfer claim does not satisfy FRCP 9(b) if it collectively refers to several debtors and does not identify which specific debtor was involved in the alleged fraudulent transfers. For example, in *In re AgFeed USA, LLC*, the Delaware bankruptcy court dismissed fraudulent transfer allegations because the "[t]he complaint d[id] not articulate which entity made any of the alleged transfers."   546 B.R. at 337 (2016); *see also JLL Consultants, Inc. v. Gothner (In re AgFeed USA, LLC)*, 558 B.R. 116, 130 (Bankr. D. Del. 2016) (dismissing amended complaint that alleged transfers were made by "[AFI] and related entities…"); *Gold v. Winget (In re NM Holdings Co., LLC)*, 407 B.R. 232, 263 (Bankr. E.D. Mich. 2009) (rejecting fraudulent transfer allegations where the "transferor is pled as being 'the Debtors' or 'one or more of the Debtors…'").  Here, Plaintiff's fraudulent transfer allegations fail to comply with FRCP 9(b) because such allegations collectively refer to **five** Debtors, without identifying which debtor made any of the alleged transfers.  Compl., p. 1, n.1 & ¶¶ 145-195.

ii.   **Plaintiff's Allegations of Fraudulent Transfers Based on Constructive Fraud Fail as a Matter of Law**

Even if Plaintiff's fraudulent transfer claim is premised on constructive fraud, Delaware courts hold that the same FRCP 9(b) standard applies to constructive fraud claims.   "There is no question that Rule 9(b) applies to adversary proceedings in bankruptcy which include a claim for relief under §§ 544 or 548, **whether it is based**

**upon actual or constructive fraud**."  *OHC Liquidation Trust v. Nucor Corp. (In re Oakwood Homes Corp.)*, 325 B.R. 696, 698 (Bankr. D. Del. 2005) (emphasis added). Thus, to the extent Plaintiff's transfer claim alleges constructive fraud, Plaintiff's claim likewise fails because it does not distinguish between the five Debtors involved in these proceedings.

In addition, to the extent Plaintiff's fraudulent transfer claim is based on constructive fraud, Plaintiff's claim fails because it does not adequately allege that the Debtors did not receive "reasonably equivalent value" for the salary and bonus payments. To allege constructive fraud, a plaintiff has the "burden of establishing that while it was insolvent there was a transfer of an interest in its property for less than reasonably equivalent value."  *EBC I, Inc. v. Am. Online, Inc. (In re EBC I, Inc.)*, 380 B.R. 348, 354 (Bankr. D. Del. 2008).  With respect to salary payments, bankruptcy courts **presume** that the debtors received reasonably equivalent value.  *Pryor v. Tiffen (In re TC Liquidations LLC)*, 463 B.R. 257, 268 (Bankr. E.D.N.Y. 2011) ("Case law has established that payments of salary are presumed to be made for fair consideration…"); *Staudinger+Franke GMBH v. Casey*, No. 13 CV 6124 (JGK), 2015 WL 3561409, *11 (S.D.N.Y. June 8, 2017) ("To the extent the balances constituted salary, they are 'presumed to be made for fair consideration…'").

Delaware courts reject conclusory allegations that the debtor did not receive reasonably equivalent value in return for salary payments.  In *In re AgFeed*, the Delaware bankruptcy court dismissed a constructive fraud claim which alleged, in conclusory fashion, that the debtor did not receive reasonably equivalent value because the executive

was paid "twice as much" as his predecessor.   558 B.R. at 130.  The court reasoned that the "conclusory allegations" that the employee's salary was "excessive… are insufficient to survive a motion to dismiss." *Id.*  Likewise, in *Indiv. Enters. Of Am., Inc. v. Mazzuto (In re Pitt Penn Holding Co.)*, the Delaware bankruptcy court found that a "barebones allegation that [the former executive] was paid 'far more than justified' is insufficient under the applicable pleading standards…"  484 B.R. 25, 54 (Bankr. D. Del. 2012).[8]

Here, like in *AgFeed* and *Pitt Penn Holding Co.*, Plaintiff's contention that the Debtors did not receive reasonably equivalent value for the compensation paid to the Employee Defendants is conclusory.  Without any facts as to the Employee Defendants' positions, roles and responsibilities with respect to the Debtors, Plaintiff alleges in conclusory fashion that the Employee Defendants performed "no material work."  Such allegations are insufficient to survive a motion to dismiss.  *See In re AgFeed*, 558 B.R. at 130.

### D.    Plaintiff's Claims for Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) Are Not Adequately Pled

Plaintiff's claims for avoidance of fraudulent transfers pursuant 11 U.S.C. § 544(b) fail for the same reasons as Plaintiff's fraudulent transfer claims pursuant to 11 U.S.C. § 548.  *See* Section IV.C, *supra.*  11 U.S.C. § 544(b) authorizes bankruptcy trustees to avoid certain transfers that are voidable under "applicable state law."  *Official Comm. of Unsecured Creditors v. Goldman Sachs Credit Partners, L.P. (In re Fedders N. Am., Inc.)*, 405 B.R. 527, 547 (Bankr. D. Del. 2009).  Here, Plaintiff's Complaint seeks to

---

[8] *See also Miller v. McCown De Leeuw & Co., Inc. (In re The Brown Sch.)*, 368 B.R. 394, 404 (Bankr. D. Del. 2007) (dismissing fraudulent transfer claim where "the Trustee did not allege the purported value received in exchange for the transfers.").

avoid the alleged payments of salaries and bonuses pursuant to Delaware and California law. *See* Compl., ¶¶ 145-157.

However, because the requirements for proving fraudulent transfers under Delaware and California law are similar to those set forth by 11 U.S.C. section 548, federal courts routinely dismiss such state law claims where, as here, the plaintiff fails to plead facts sufficient to allege federal claims. *See, e.g., In re Fedders N. Am., Inc.*, 405 B.R. at 547 (dismissing 544(b) claim because Delaware law "mirror[s] the language of section 548(a)(1)(A) and (B)"); *Emerald Capital Advisors Corp. v. Bayerische Moteren Werke Aktiengesellschaft (In re FAH Liquidating Corp.)*, 572 B.R. 117, 129 (Bankr. D. Del. 2017) ("Both California and Delaware have adopted the UFTA..." which "mirror[s] the elements… under Section 548(a)(1)(A)."); *In re AFI Holding, Inc.*, 525 F.3d 700, 703 (9th Cir. 2008) ("California's fraudulent transfer statutes are similar in form and substance to the Bankruptcy Code's fraudulent transfer provisions."). Thus, because Plaintiff fails to adequately allege fraudulent transfer claims under 11 U.S.C. § 548, Plaintiff's fraudulent transfer claims under Delaware and California law also fail as a matter of law.

### E.   Plaintiff's Claim for Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547 Is Not Adequately Pled

Plaintiff's claim for avoidance of preferential transfers also fails as a matter of law.   First, Plaintiff's claim fails because it is premised on improper allegations of "insider" status, which, as set forth above, are conclusory and insufficient under federal law. *See* Section IV.B, *supra*; *In re Licking River Mining, LLC*, 572 B.R. at 837

(dismissing claim for avoidance of preferential transfers because the "Amended Complaint does not sufficiently allege that [the defendant] is an insider.").

Second, Plaintiff's claim for avoidance of preferential transfers fails because it does not identify which debtor was involved in the alleged transfers. If "there is more than one debtor in th[e] proceeding, … the Trustee must identify the transferor **by name**." *Gellert v. The Lenick Co. (In re Crucible Materials Corp.)*, No. 09-11582 MFW, 2011 WL 2669113, *4 (Bankr. D. Del. July 6, 2011) (emphasis added); *see also In re Washington Mut. Inc.*, 2013 WL 3757330, *3 (Bankr. D. Del. July 16, 2013) (dismissing preferential transfer claim because "the Complaint fails to identify the Transferor."). Here, like the fraudulent transfer claims, Plaintiff's preferential transfer claim improperly refers to transfers made by the "Debtors," which is a defined term that encompasses five different entities. *See* Compl., p. 1 & fn.1.

Third, Plaintiff's claim for avoidance of preferential transfers fails because Plaintiff does not sufficiently allege the elements required for such a claim under bankruptcy law. Delaware courts hold that "[f]or a transfer to be preferential, the plaintiff must establish, *inter alia*, that the transfer was 'for or on account of an antecedent debt owed by the debtor before such transfer was made." *In re Washington Mut., Inc.*, 2013 WL 3757330 at *3. "Factors that should be included in a preference complaint to give fair notice to the defendant include '(a) **an identification of the nature and amount of each antecedent debt…**" *Shandler v. DLJ Merchant Banking, Inc. (In re Insilco Techs., Inc.)*, 330 B.R. 512, 520 (Bankr. D. Del. 2005) (emphasis added); *see also In re Crucible Materials Corp.*, 2011 WL 2669113 at *4 (dismissing claim because

"[t]he Complaint fails to provide any details to show that there was in fact an antecedent debt.").

Here, Plaintiff's claim for avoidance of preferential transfers does not provide any information about the "nature and amount of… antecedent debt."  To the contrary, Plaintiff's conclusory assertion that the Debtors' owed "antecedent" debt to the Employee Defendants (*see* Compl., ¶ 176) directly contradicts Plaintiff's assertions that the Employee Defendants performed "no material amount of work" for the Debtors.

> **F.**   **Plaintiff's Claim for Disallowance of Claims Pursuant to 11 U.S.C. § 502(d) is Premature Because the Employee Defendants Have Not Filed Any Claims**

Plaintiff's claim for disallowance of claims pursuant to 11 U.S.C. section 502(d) is premature because the Employee Defendants have not filed any proofs of claims and the Plaintiff (i.e., the bankruptcy trustee) has not obtained any judgment against the Employee Defendants.  In *Zazzali v. AFA Fin. Grp., LLC (In re DBSI, Inc.)*, the Delaware bankruptcy court addressed similar circumstances.  477 B.R. 504, 517 (Bankr. D. Del. 2012).  There, like here, the bankruptcy trustee filed a cause of action for disallowance of claims pursuant to 11 U.S.C. § 502(d).   *Id.*  Like here, the defendants had not "filed any proofs of claims" and the trustee "d[id] not yet have a judgment against the transferee." *Id.*  The court concluded that the trustee's claim for disallowance of claims was "premature" and dismissed the claim.  *Id.*

Other courts have held similarly, i.e., a claim for disallowance of claims is premature, where, as here, the defendants have not filed proofs of claims and the trustee does not yet have a judgment.  *See DHP Holdings II Corp. v. Peter Skop Indus., Inc. (In*

*re DHP Holdings II Corp.)*, 435 B.R. 220, 226 (Bankr. D. Del. 2010) ("the Debtors'

count to disallow PSI's claims under section 502(d) is premature because the Debtors do

not yet have a judgment against PSI and PSI has not even filed a proof of claim.").

Accordingly, Plaintiff's claim for disallowance of claims against the Employee

Defendants must be dismissed as premature.

> ### G.    Plaintiff's Claim for an Accounting Fails Because the Employee Defendants Were Not Fiduciaries of the Debtors

Plaintiff's accounting claim fails because, under Delaware law, an accounting

claim cannot be alleged absent a fiduciary relationship between the parties.  Delaware

courts hold that an accounting is not a "freestanding claim," but rather an accounting is

an equitable remedy for alleged breaches of fiduciary duties.  "[A]n accounting cannot be

a freestanding claim under Delaware law..."  *Garza v. Citigroup Inc.*, 192 F. Supp. 3d

508, 515 (D. Del. 2016); *Rhodes v. Silkroad Equity, LLC*, Civ. No. 2133–VCN, 2007 WL

2058736, *11 (Del.Ch. July 11, 2007) ("An accounting is not so much a cause of action

as it is a form of relief. Here, the demand for accounting is inherently dependent on the

Court's decision on the fiduciary duty claims.").

As set forth above, the Employee Defendants cannot qualify as fiduciaries of the

Debtors because Plaintiff does not (and cannot) allege that the Employee Defendants

were managers or controlling members of the Debtors.  *See* Section IV.A, *supra.*

Accordingly, because the Employee Defendants were not fiduciaries, Plaintiff's request

that the Employee Defendants provide Debtors with an accounting is improper.

## VI.    CONCLUSION

For the foregoing reasons, the Employee Defendants respectfully request that the Court enter an Order granting their Motion and dismissing Plaintiff's claims against the Employee Defendants with prejudice.

Dated:  November 13, 2017                    **DLA PIPER LLP (US)**

By  /s/ R. Craig Martin
       R. Craig Martin (Bar No. 5032)
       *craig.martin@dlapiper.com*
       DLA Piper LLP (US)
       1201 North Market Street, Suite 2100
       Wilmington, Delaware 19801
       Tel: 302.468.5655
       Fax:  302.778.7834

       Jeffrey A. Rosenfeld (*pro hac vice* pending)
       *jeffrey.rosenfeld@dlapiper.com*
       DLA Piper LLP (US)
       2000 Avenue of the Stars
       Suite 400, North Tower
       Los Angeles, California 90067-4704
       Tel:  310.595.3001
       Fax:  310.595.3301

       *Attorneys for Defendants Daniel Abrams,*
       *Alana S. Chaffin, Vijay K. Mony, and*
       *Virginia Anne Thornton*