## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PENNYSAVER USA PUBLISHING, LLC, *et al.*, | Case No. 15-11198 (CSS) |
| Debtors. | Jointly Administered |
| | |
| DON A. BESKRONE, Chapter 7 Trustee of PennySaver USA Publishing, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 17-50530 (CSS) |
| OPENGATE CAPITAL GROUP, LLC, OPENGATE CAPITAL MANAGEMENT, LLC, PENNYSAVER INVESTORS, LLC, ANDREW NIKOU, JAY YOOK, DANIEL ABRAMS, ALAN S. CHAFFIN, VIJAY K. MONY, and VIRGINIA ANNE THORNTON, | |
| Defendants. | |

## BRIEF OF OPENGATE CAPITAL GROUP, LLC, OPENGATE CAPITAL MANAGEMENT, LLC, AND PENNYSAVER INVESTORS, LLC IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
David G. Holmes (No. 4718)
CROSS & SIMON, LLC
1105 North Market Street, Suite 901
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200

*Attorneys for OpenGate Capital Management, LLC, OpenGate Capital Group, LLC, and Pennysaver Investors, LLC*

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS……………………………1

II.     THE FACTUAL ALLEGATIONS…………………………………………………..1

       A.  The Trustee's Non-Specific and Inconsistent Factual Allegations…………......1

III.    ARGUMENT……………………………………………………………………...3

       A.  Legal Standard………………………………………………………………3

       B.  The Trustee's Insider Allegations Are Conclusory and Inconsistent…………..4

       C.  The Trustee's Fraudulent Conveyance Claims Fail……………………………6

              i.  The Trustee's Allegations of Fraudulent Transfers Based on
                  Constructive Fraud Fails as a Matter of Law…………………………7

       D.  The Trustee's Claims for Avoidance of Fraudulent Transfers Pursuant to
            11 U.S.C. § 544(b) Are Not Adequately Pled…………………………….....9

       E.  The Trustee's Preferential Transfer Claim Alleges that the Debtors,
            in Fact, Owed Debts to OpenGate Capital, OpenGate Management, and
            Investors…………..…………………………………………………………10

       F.  The Trustee's Fiduciary Duty Claims Are Improper…………………………10

              i.  The Trustee's Breach of Fiduciary Duties Claim Fail to
                  Allege that OpenGate Caused the Improper Payments………………..13

              ii.  The Trustee's Attempt to Assert Breach of Fiduciary Duties
                   Claims on Behalf of the Debtors' Creditors in Improper……………..15

       G.  The Trustee's Claim for Disallowance of Claims Pursuant to
            11 U.S.C. § 502(d) is Premature..……………………………………………16

       H.  The Trustee's Claim for an Accounting Fails Because the OpenGate
            Were Not Fiduciaries of the Debtor………………………………………17

IV.    CONCLUSION………………………………………………………………..18

## **TABLE OF AUTHORITIES**

### **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………………*passim*

*Bank of America, N.A. v. Knight*, 63 725 F.3d 815 (7th Cir.2013)………………………..15

*Beach to Bay Real Estate Ctr. LLC v. Beach to Bay Realtors Inc.*,
No. CV 10007-VCG, 2017 WL 2928033 (Del. Ch. July 10, 2017)………………………13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………………...4, 14

*Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247 (E.D.N.Y. 2016)…………....…4, 10

*CML V, LLC v. Bax,* 28 A.3d 1037 (Del. 2011)…………………………………………....16

*Coventry Real Estate Advisors, L.L.C. v. Developers Diversified Realty Corp.*,
84 A.D.3d 583 (2011)……………………………………………………………………12

*Garza v. Citigroup Inc.*, 192 F. Supp. 3d 508 (D. Del. 2016)…………………………17

*Imbert v. LCM Interest Holding LLC*, No. CIV.A. 7845-ML, 2013 WL 1934563
(Del. Ch. May 7, 2013)………………………………………………………………....13

*In re AFI Holding, Inc.*, 525 F.3d 700 (9th Cir. 2008)………………………………….…..9

*In re Agriprocessors, Inc.*, No. ADV 10-09123, 2011 WL 4621741
(Bankr. N.D. Iowa Sept. 30, 2011)……………………………………………………....5

*In re AgFeed USA, LLC*, 546 B.R. 318 (2016)…………………………………………..…7

*In re AgFeed USA, LLC*, 558 B.R. 116 (Bankr. D. Del. 2016)………………………*passim*

*In re Bridgeport Holdings, Inc.*, 388 B.R. 548 (Bankr. D. Del. 2008)……………………13

*In re Caremerica, Inc.*, 415 B.R. 200 (E.D.N.C. Bankr. 2009)…………………………….5

*In re China Auto. Sys. Inc. Deriv. Litig.*, 2013 WL 4672059 (Del. Ch. Aug. 30, 2013)…...14

*In re Conex Holdings, LLC,* 514 B.R. 405 (Bankr. D. Del. 2014)……………………14, 15

*In re Crucible Materials Corp.*, No. 09-11582 MFW, 2011 WL 2669113
(D. Del. Bankr. July 6, 2011)……………………………………………………………..10

*In re DBSI, Inc.*, 445 B.R. 351 (Bankr. D. Del. 2011)…………………………………14, 17

*In re DHP Holdings II Corp.*, 435 B.R. 220 (Bankr. D. Del. 2010)…………………………17

*In re EBC I, Inc.*, 380 B.R. 348 (Bankr. D. Del. 2008)…………………………………………8

*In re FAH Liquidating Corp.*, 572 B.R. 117 (Bankr. D. Del. 2017)…………………………9

*In re Fedders N. Am., Inc.*, 405 B.R. 527 (Bankr. D. Del. 2009)…………………………..9

*In re Licking River Mining, LLC*, 571 B.R. 241 (E.D. Ky. Bankr. 2017)………………4, 5

*In re NewStarcom Holdings, Inc.*, 547 B.R. 106 (Bankr. D. Del. 2016)………………….16

*In re NM Holdings Co., LLC*, 407 B.R. 232 (Bankr. E.D. Mich. 2009)……………………7

*In re Oakwood Homes Corp.*, 325 B.R. 696 (Bankr. D. Del. 2005)…………………………7

*In re Operations NY LLC.*, 490 B.R. 84 (S.D.N.Y. Bankr. 2013)…………………………5

*In re Pitt Penn Holding Co.*, 484 B.R. 25 (Bankr. D. Del. 2012)…………………………...8

*In re The Brown Sch.*, 368 B.R. 394 (Bankr. D. Del. 2007)…………………………………8

*Kuroda v. SPJS Holdings, L.L.C.,* No. CIV.A. 4030-CC, 2010 WL 925853
(Del. Ch. Mar. 16, 2010)…………………………………………………………...……12

*N. Am. Steel Connection, Inc. v. Watson Metal Prod. Corp.*,
515 F. App'x 176 (3rd Cir. 2013)……………………………………………………...…11

*Rhodes v. Silkroad Equity, LLC*, Civ. No. 2133–VCN, 2007 WL 2058736
(Del.Ch. July 11, 2007)…………………………………………………………………...17

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984)…………………...3

*Steinberg v. Buczynski,* 40 F.3d 890 (7th Cir. 1994)………………………………………...15

*Trusa v. Nepo*, No. CV 12071-VCMR, 2017 WL 1379594 (Del. Ch. Apr. 13, 2017)…….16

**Statutes**

11 U.S.C. § 502…………………………………………………………………………16, 17

11 U.S.C. § 544……………………………………………………………………………7, 9

11 U.S.C. § 548…………………………………………………………………….........7, 9

**Rules**

Fed. R. Civ. P. 9……………………………………………………………………...6, 7

Fed. R. Civ. P. 12………………………………………………………………….…1

### I.    NATURE AND STAGE OF THE PROCEEDINGS

On May 26, 2017, Plaintiff Don Beskrone (the "Trustee"), Chapter 7 Trustee of the estates of PennySaver USA, LLC, PennySaver USA Printing, LLC, PennySaver USA Publishing, LLC, Orbiter Properties, LLC, and Monthly Mailer, LLC (collectively, the "Debtors") filed the Complaint in the above-captioned adversary proceeding.

On November 13, 2017, Defendants Daniel Abrams, Alana S. Chaffin, Vijay K. Mony, and Virginia Anne Thornton (the "Employee Defendants") filed a Motion to Dismiss Plaintiff's Complaint.

Defendants OpenGate Capital Group, LLC ("OpenGate Capital"), OpenGate Capital Management, LLC ("OpenGate Management"), and Pennysaver Investors, LLC ("Investors," and collectively with OpenGate Management and OpenGate Capital, "OpenGate") hereby join the Employee Defendants, and respectfully submit this opening brief in support of their motion to dismiss pursuant to FRCP 12(b)(6).

### II.    THE FACTUAL ALLEGATIONS

#### A.    The Trustee's Non-Specific and Inconsistent Factual Allegations

The Trustee has filed claims against managers, members and employees of the Debtors, *on behalf of* the Debtors.  The Debtors are separate Delaware limited liability companies, governed by operating agreements.  The Debtors' rights and claims, if any, against managers and members are inherently contractual.

Throughout the Complaint, the Trustee ignores this important concept.  Indeed, the Complaint lacks any illustration or discussion of the Debtors' respective operating agreements.  The Trustee alleges generally, without any factual basis, specificity or even

reference to the Debtors' operations, that all of the OpenGate entities or individual defendants are jointly responsible for the alleged mismanagement of the Debtors, which, the Trustee alleges, resulted in harm to the Debtors' creditors.[1]

It is axiomatic that direct claims of the Debtors against their managers and members must start and end with each Debtor's limited liability company operating agreement.  The Trustee is in possession of all the Debtors' corporate records, and has even conducted a Rule 2004 examination of OpenGate.  Therefore, the Trustee must know which entities have authority to act or control each of the Debtors, and what claims the Debtors are authorized to bring against their respective managers and members.  The Trustee must also understand any limitations the Debtors have pursuing claims against their managers and members.   Nevertheless, the Complaint wholly ignores these important rights, distinctions and limitations.

Throughout the Complaint, the Trustee makes general non-specific allegations against Defendants OpenGate Capital, OpenGate Management and Investors, *collectively*, making no distinction in either the legal entity or the respective role or relationship that each entity has with the Debtors.  The Trustee's legal theory is that "OpenGate" and others are liable to all of the Debtors.  (*See, e.g., Compl*. ¶¶ 14, 15, 17, 19, 22, 23, 26-28, 57, 58, 60, 61-63.)

In addition to ignoring the rule of corporate separateness, the express terms of the actual operating agreements of the Debtors, and the limitations on the Trustee's authority

---

[1] The Trustee possesses all the Debtors' records, including limited liability operating agreements for each of the Debtors, and has conducted a Rule 2004 examination of OpenGate entities.

to pursue direct or derivative claims, the Trustee's Complaint is internally inconsistent with its treatment of facts giving rise to his claims.  For instance, the Trustee alleges that other parties – not OpenGate Captial, OpenGate Management, or Investors − were, in fact, in control of the Debtors:

- "Investors" was subject to directional management of "Capital" and "Management", and as a matter of day-to-day control.  (Compl. ¶ 27.)

- "All instructions regarding the operations of the Debtors came from persons who are publicly identified as having been employed by Capital and subject to the control of [Andrew] Nikou." (*Id*.)

- Andrew Nikou had operational and ownership control of OpenGate at all times.  (Compl. ¶ 29.)

Finally, after unloading a fusillade of allegations against the Debtors' members, managers and employees, the Trustee admits he is really seeking redress for the Debtors' creditors.  (*See, e.g*., Compl.¶¶ 7, 24, 87, 92.)

## III.    ARGUMENT

### A.  Legal Standard

A complaint "may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  If the complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(internal quotations omitted)).    "The pleading standard Rule 8 announces… demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

Where "plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016).

**B.  The Trustee's Insider Allegations Are Conclusory and Inconsistent**

On the one hand, the Trustee asserts that OpenGate Capital, OpenGate Management, and Investors were "insiders" of the Debtors.  However, throughout the same Complaint, the Trustee alleges that the "Individual Defendants" and Employee Defendants controlled and owned the Debtors.  (Compl. ¶¶ 29-34.)  Still further, the Trustee alleges that OpenGate deserved no compensation for its management and control of the Debtors, even though the Trustee alleges OpenGate is an "insider."  The Trustee's "insider" allegations against OpenGate amount to nothing more than "bare statements," which are insufficient under federal law.  *In re Licking River Mining, LLC*, 571 B.R. 241, 254 (E.D. Ky. Bankr. 2017).

Further, the Trustee's insider allegations ignore the defined role of managers and members under Delaware limited liability company law and the various Debtor operating agreements.    Indeed, the Complaint is strikingly silent on the Debtors' operating agreements.

Under federal law, a bankruptcy trustee "must plead facts that support a plausible claim that Defendant either is a statutory insider as defined in section 101(31)(B), or that Defendant is a non-statutory insider." *In re Agriprocessors, Inc.*, No. ADV 10-09123, 2011 WL 4621741, at *10 (Bankr. N.D. Iowa Sept. 30, 2011).  "Insider" allegations are insufficient if they "fail[] to address in what capacity the defendants are insiders of the debtors." *In re Caremerica, Inc.*, 415 B.R. 200, 206 (E.D.N.C. Bankr. 2009).  In addition, "insider" allegations that "only stat[e] conclusions and do[] not provide an adequate factual basis to create a plausible inference" fail as a matter of law.  *In re Licking River Mining, LLC*, 572 B.R. 830, 841 (E.D. Ky. Bankr. 2017); *see also In re Operations NY LLC.*, 490 B.R. 84, 102 (S.D.N.Y. Bankr. 2013) (allegation that "Defendants… possessed a professional or business relationship with the Debtor and are 'insiders' of the Debtor…" was a "conclusory allegation… not entitled to any consideration.").

OpenGate Capital and OpenGate Management were not managers or members of any of the Debtor entities.  To assert a direct claim against OpenGate Capital, OpenGate Management or Investors, the Trustee must articulate how each is liable to the Debtors under their contractual agreements with the Debtors.  The Trustee fails to explain how OpenGate Capital and OpenGate Management had any control of – or contractual liability to – the Debtors when they were never managers of any of the Debtors, and, by agreement with the Debtors, never held any actual authority over the Debtors' affairs.  *See id.*  The Trustee fails to explain how OpenGate Capital and OpenGate Management have liability to the Debtors under the Debtors' operating agreements.  The Trustee also fails to explain or even acknowledge that Investors' role as manager of Debtor Pennysaver USA, LLC is

defined by that operating agreement, or how any claims of Debtor Pennysaver USA, LLC are limited by its operating agreement.  Given the very specific defined roles of OpenGate with respect to the Debtors, and the Trustee's failure to articulate the parties' contractual relationship, the Trustee's general and non-specific insider allegations must be dismissed.

## C.  The Trustee's Fraudulent Conveyance Claims Fail

The Trustee's fraudulent conveyance claims make no distinction as to who or which entity or individual is liable for the conduct giving rise to the claim, and, with respect to transfers, who received the benefits allegedly transferred, and who failed to give reasonably equivalent value.  For instance, Counts One (1) through Nine (9) each allege that the Debtors paid "OpenGate" the "Dividend", "Closing Expenses," "IT Payment," "Tax Payment," and "Management Fees."  Similarly, Counts Ten (10) and Eleven (11) each allege that the Debtors paid funds to "Employees Defendants."  However, the Trustee fails to identify who or which OpenGate entity caused the payments to be made, or who or which OpenGate entity failed to provide reasonably equivalent value for the payments.  Counts Ten (10) and Eleven (11) also seeks entry of a judgment against "OpenGate" even though the Trustee does not allege that any "OpenGate" entity received or was a transferee of the "OPG Employee Payments."

Importantly, the operating agreement for each Debtor specifically addresses liability of its manager for distributions by each Debtor, however the Trustee fails to disclose or account for that limitation in the Complaint.

Where, as here, a party alleges a fraudulent transfer claim based on actual fraud, the claim must satisfy the requirements of FRCP 9(b).  Under Delaware law, a fraudulent

transfer claim does not satisfy FRCP 9(b) if it collectively refers to several debtors and does not identify which specific debtor was involved in the alleged fraudulent transfers. For example, in *In re Ag-Feed USA, LLC*, the Delaware Bankruptcy Court dismissed fraudulent transfer allegations because the "[t]he complaint d[id] not articulate which entity made any of the alleged transfers."  546 B.R. 318, 337 (2016); *see also In re AgFeed USA, LLC*, 558 B.R. 116, 130 (Bankr. D. Del. 2016) (dismissing amended complaint that alleged transfers were made by "[AFI] and related entities…"); *In re NM Holdings Co., LLC*, 407 B.R. 232, 263 (Bankr. E.D. Mich. 2009) (rejecting fraudulent transfer allegations where the "transferor is pled as being 'the Debtors' or 'one or more of the Debtors…'").  Here, the Trustee's fraudulent transfer allegations fail to comply with FRCP 9(b) because such allegations collectively refer to **<u>five</u>** separate Debtors, without identifying which debtor made any of the alleged transfers.  (Compl., p. 1, n.1 & ¶¶ 145-195.)

> ### i. The Trustee's Allegations of Fraudulent Transfers Based on Constructive Fraud Fail as a Matter of Law

Even if the Trustee's fraudulent transfer claim is premised on constructive fraud, Delaware courts hold that the same FRCP 9(b) standard applies to constructive fraud claims.  "There is no question that Rule 9(b) applies to adversary proceedings in bankruptcy which include a claim for relief under §§ 544 or 548, whether it is based upon actual or constructive fraud." *In re Oakwood Homes Corp.*, 325 B.R. 696, 698 (Bankr. D. Del. 2005) (emphasis added).  Thus, to the extent the Trustee's transfer claim alleges constructive fraud, the claim likewise fails because it does not distinguish between the five Debtors involved in these proceedings.

In addition, to the extent Trustee's fraudulent transfer claim is based on constructive fraud, it fails because it does not adequately allege how the Debtors did not receive "reasonably equivalent value" for the management fees.  To allege constructive fraud, a plaintiff has the "burden of establishing that while it was insolvent there was a transfer of an interest in its property for less than reasonably equivalent value."  *In re EBC I, Inc.*, 380 B.R. 348, 354 (Bankr. D. Del. 2008).

Delaware courts reject conclusory allegations that the debtor did not receive reasonably equivalent value in return for salary payments.  In *In re AgFeed*, the Delaware Bankruptcy Court dismissed a constructive fraud claim which alleged, in conclusory fashion, that the debtor did not receive reasonably equivalent value because the executive was paid "twice as much" as his predecessor.   558 B.R. 116, 130 (Bankr. D. Del. 2016). The Court reasoned that the "conclusory allegations" that the employee's salary was "excessive… are insufficient to survive a motion to dismiss." *Id.*  Likewise, in *In re Pitt Penn Holding Co.*, the Delaware Bankruptcy Court found that a "barebones allegation that [the former executive] was paid 'far more than justified' is insufficient under the applicable pleading standards…" 484 B.R. 25, 54 (Bankr. D. Del. 2012).[2]

Here, like in *AgFeed* and *Pitt Penn Holding Co.*, the Trustee's contention that the Debtors did not receive reasonably equivalent value for the compensation paid to OpenGate is conclusory.  It does not address any of OpenGate's positions, roles and responsibilities with respect to the Debtors, alleging in conclusory fashion that OpenGate

---

[2] *See also In re The Brown Sch.*, 368 B.R. 394, 404 (Bankr. D. Del. 2007) (dismissing fraudulent transfer claim where "the Trustee did not allege the purported value received in exchange for the transfers.").

performed "no material work."  Such allegations are insufficient to survive a motion to dismiss.  *See In re AgFeed*, 558 B.R. at 130.

### D.  The Trustee's Claims for Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) Are Not Adequately Pled

The Trustee's claims for avoidance of fraudulent transfers pursuant to 11 U.S.C. § 544(b) fail for the same reasons as his fraudulent transfer claims pursuant to 11 U.S.C. § 548.  *See* Section IV.C, *supra.*  11 U.S.C. § 544(b) authorizes bankruptcy trustees to avoid certain transfers that are voidable under "applicable state law."  *In re Fedders N. Am., Inc.*, 405 B.R. 527, 547 (Bankr. D. Del. 2009).  Here, the Trustee's Complaint seeks to avoid the alleged payments of management fees pursuant to Delaware and California law.  (*See* Compl., ¶¶ 145-157.)

However, because the requirements for proving fraudulent transfers under Delaware and California law are similar to those set forth by 11 U.S.C. § 548, federal courts routinely dismiss such state law claims where, as here, the plaintiff fails to plead facts sufficient to allege federal claims.  *See, e.g., In re Fedders N. Am., Inc.*, 405 B.R. at 547 (dismissing 544(b) claim because Delaware law "mirror[s] the language of section 548(a)(1)(A) and (B)"); *In re FAH Liquidating Corp.*, 572 B.R. 117, 129 (Bankr. D. Del. 2017) ("Both California and Delaware have adopted the UFTA..." which "mirror[s] the elements… under Section 548(a)(1)(A)."); *In re AFI Holding, Inc.*, 525 F.3d 700, 703 (9th Cir. 2008) ("California's fraudulent transfer statutes are similar in form and substance to the Bankruptcy Code's fraudulent transfer provisions.").  Thus, because the Trustee fails to adequately allege fraudulent transfer claims under 11 U.S.C. § 548, the Trustee's fraudulent transfer claims under Delaware and California law also fail as a matter of law.

### E. The Trustee's Preferential Transfer Claim Alleges that the Debtors, in Fact, Owed Debts to OpenGate Capital, OpenGate Management, and Investors.

The Trustee's preferential transfer claim against "OpenGate" (Count Thirteen (13)) fails because he does not specify which Debtor was involved in the alleged transfers. *In re Crucible Materials Corp.*, No. 09-11582 MFW, 2011 WL 2669113, *4 (D. Del. Bankr. July 6, 2011).  In addition, the Trustee's preferential transfer claim fails because (a) it is improperly premised on conclusory "insider" allegations, and (b) it does not allege the nature and amount of any "antecedent" debt.

Importantly, the Trustee's preferential transfer claim is entirely *inconsistent* with his factual theory of the case against OpenGate.  On the one hand, the Trustee alleges repeatedly that "OpenGate" provided absolutely no value for the numerous transfers received.  In the preferential transfer claim against OpenGate, however, the Trustee alleges that OpenGate was a creditor at the time each Preferential Management Transfer (as defined in the Complaint) was made.  (Compl. ¶ 167.)  The factual predicate for this claim is not an alternative basis for relief, but rather an asserted factual premise entirely inconsistent with the Trustee's other claims.  Where "plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016).

### F. The Trustee's Fiduciary Duty Claims Are Improper

The Trustee's fiduciary duty claims highlight the Trustee's failure to articulate proper contractual rights vis-a-vis managers and members, or how those parties can actually be liable to the Debtors under their respective operating agreements.  If the Trustee

has direct claims for breach of fiduciary duty against managers and members of the Debtors, those claims exist or do not exist as a matter of contract. Throughout the Complaint, however, the Trustee ignores the specific contractual terms governing each of the Debtors, and simply alleges generally, without any factual basis or specificity that all of the OpenGate entities or individual defendants are jointly responsible for breach of fiduciary duty for causing the alleged distributions by the Debtors.[3]

The Trustee's claims against OpenGate Capital and OpenGate Management for breach of fiduciary duties (Counts Fifteen (15) and Sixteen (16)) are improper as to OpenGate Capital and OpenGate Management because neither entity were managers of any of the Debtors.  Investors was only the manager of one debtor, Pennysaver USA, LLC. Under Delaware law, only managers and controlling members of LLCs owe fiduciary duties.  *E.g., N. Am. Steel Connection, Inc. v. Watson Metal Prod. Corp.*, 515 F. App'x 176, 182 (3rd Cir. 2013) (president of an LLC's parent company did not owe fiduciary duties to the LLC because there was "no evidence that [the president] was in fact the manager of [the LLC].").  Putting aside any exculpatory provisions of the limited liability agreements that expressly govern the affairs of the Debtors, the Complaint does not address the operating agreements of any of the Debtors.  Moreover, the Complaint does not – and cannot – allege that OpenGate Capital or OpenGate Management were managers or members of the Debtors.[4]   Further, the Complaint lacks any specific allegation that

---

[3] The Trustee possesses all the Debtors' records, including limited liability operating agreements for each of the Debtors, and has conducted a Rule 2004 examination of OpenGate entities.

[4] Each of the operating agreements for each of the Debtors specifically provides as follows: "The Member shall not be liability for any debtors or losses of capital or profits of the

Investors was a member of any of the Debtors, nor does it allege that Investors, in its capacity as manager of Pennysaver USA, LLC, caused any harm to the Debtors that would give rise to a claim under the Pennysaver USA, LLC operating agreement.  Even if the OpenGate entities have fiduciary duties under the limited liability agreements of the Debtors (they do not), the Trustee has failed to allege any facts suggesting that OpenGate, in their capacity as manager, has fiduciary liability for their conduct.

In *Kuroda v. SPJS Holdings, L.L.C.*, the Delaware Court of Chancery held that only managers and controlling members owe fiduciary duties to limited liability companies.  No. CIV.A. 4030-CC, 2010 WL 925853, at *7 (Del. Ch. Mar. 16, 2010).  There, a plaintiff attempted to assert a claim for breach of fiduciary duties against a non-managing member of a limited liability company.  *Id.* at *1-2.  The Court of Chancery held: "Kuroda was a Non-Managing Member… He was neither a manager of [the LLC] nor a controlling member, and thus he has no fiduciary duties."  The Court of Chancery further explained that, **"[n]o matter how 'central' Kuroda was to the entire business endeavor," his obligations were governed by "contractual duties, not fiduciary ones."**  *Id.* at *8 (emphasis added).   In light of the fact that the non-managing member could not owe fiduciary duties to a limited liability company, the Court of Chancery "grant[ed] in full" the motion to dismiss the claim for breach of fiduciary duties.  *Id.*;  *see also Coventry Real Estate Advisors, L.L.C. v. Developers Diversified Realty Corp.*, 84 A.D.3d 583, 584 (2011).

---

Company or be required to contribute or lend funds to the Company."  Moreover, each of the operating agreements limits the liability for any distributions from the each of the Debtors for claims arising under laws of the State of Delaware.

Other courts have held similarly, i.e., only managers and controlling members owe fiduciary duties to LLCs. *See, e.g., Imbert v. LCM Interest Holding LLC*, No. CIV.A. 7845-ML, 2013 WL 1934563, *7 (Del. Ch. May 7, 2013) ("Delaware law imposes no default fiduciary duties on non-managing, non-controlling members of limited liability companies."); *Beach to Bay Real Estate Ctr. LLC v. Beach to Bay Realtors Inc.*, No. CV 10007-VCG, 2017 WL 2928033, *5 (Del. Ch. July 10, 2017) ("it is well settled that only managing members or controllers owe fiduciary duties by default in LLCs.").

Here, the Trustee's Complaint includes no allegations indicating that OpenGate were managers or controlling members of the Debtors, which are LLCs organized under the laws of the State of Delaware.

### i. The Trustee's Breach of Fiduciary Duties Claims Fail to Allege that OpenGate Caused the Improper Payments

Even if OpenGate owed fiduciary duties to the Debtors (they did not), the Trustee's Complaint fails because it does not allege facts indicating that OpenGate caused Debtors to pay the allegedly improper payments. Delaware courts hold that a claim for breach of fiduciary duties fails, where, as here, the plaintiff does not allege facts suggesting the alleged fiduciary participated in improper conduct. "A complaint fails to state a claim against an alleged officer for breach of fiduciary duty when it fails to allege facts demonstrating that (1) he took part in the challenged conduct and (2) failed to demonstrate the due care attendant to his particular office in doing so." *In re Bridgeport Holdings, Inc.*, 388 B.R. 548, 573 (Bankr. D. Del. 2008) (emphasis added).

For example, in *In re Agfeed*, the Delaware Bankruptcy Court dismissed a plaintiff's breach of fiduciary duty claim because the claim failed to allege that the

defendant was involved in the transaction.   The Court explained: "[t]he Amended Complaint fail[ed] to allege that … Gothner, in his capacity as a fiduciary to AgFeed, [was] involved in the transaction. … As a result, the Court concludes that the Amended Complaint fails to allege sufficient facts… to support a cause of action for breach of the duty of loyalty."  558 B.R. 116, 129 (D. Del. Bankr. 2016).[5]

Likewise, in *In re Conex Holdings, LLC*, the Delaware Bankruptcy Court dismissed breach of fiduciary duty claims alleging that certain LLC officers caused the LLC to make fraudulent transfers.   514 B.R. 405, 407, 414-15 (Bankr. D. Del. 2014) (Sontchi, J.).  There, like here, the trustee improperly "lump[ed]" together several defendants "without supplying specific facts as to each defendant's wrongdoing."  *Id.* at 414-15.   The Court held:

> [T]he Trustee has failed to satisfy  the *Twombly* and *Iqbal* pleading standard.
> … the Trustee lumps all of the Individual Defendants together as "Officers
> and Directors" (and incorrectly, at least as to the reference to "directors")
> without supplying specific facts as to each defendant's wrongdoing. … the
> Trustee has not provided any specific facts as to which transactions a
> particular defendant authorized, nor did the Trustee allege what authority
> any particular defendant had to approve such transactions. …the allegations
> are "vague and lack sufficient detail about which officers, if any, knowingly
> participated." This is not a close question. Much more specificity is needed
> here to satisfy the legal standard.

*Id.*

---

[5] *See also In re China Auto. Sys. Inc. Deriv. Litig.*, 2013 WL 4672059, *8 (Del. Ch. Aug. 30, 2013); *In re DBSI, Inc.*, 445 B.R. 351, 358 (Bankr. D. Del. 2011) (dismissing fiduciary duty count which "fail[ed] to identify any specific prior allegations that could properly fall within a breach of fiduciary duty count."); *In re China Auto. Sys. Inc. Derivative Litig.*, No. CV7145-VCN, 2013 WL 4672059, *8 (Del. Ch. Aug. 30, 2013) (dismissing fiduciary duty claim because "the Complaint does not allege with particularity any direct or personal involvement by the Defendants…").

Here, like in *AgFeed* and *Conex Holdings*, the Trustee's Complaint does not allege facts suggesting that OpenGate, in its capacity as fiduciary of any of the Debtors, caused any of the improper payments.  The Trustee has not "provided any specific facts as to which transactions" OpenGate allegedly authorized, nor has the Trustee alleged "what authority" OpenGate had under any of the Debtors' operating agreements to approve such transactions.  *In re Conex Holdings, LLC*, 514 B.R. at 414.[6]

> ii.     **The Trustee's Attempt to Assert Breach of Fiduciary Duties Claims on Behalf of the Debtors' Creditors is Improper**

The Trustee's failure to plead direct claims of the Debtors against their managers or members under the Debtors' operating agreements shows that, at core, the Trustee cannot bring direct claims for breach of fiduciary duty, and instead has brought what amounts to derivative claims on behalf of the Debtors' creditors.  The Trustee's attempt to assert breach of fiduciary duty claims on behalf of the Debtors' creditors (*see* Compl., ¶ 186) is improper.  In particular, the Sixteenth Count of the Complaint alleges that the "Insider Defendants owed fiduciary duties to the **creditors** of the Debtors."  Compl., ¶ 186 (emphasis added).  However, as explained by *Steinberg v. Buczynski*, a bankruptcy trustee is "confined to enforcing entitlements of the corporation.  **He has no right to enforce entitlements of a creditor.**"    40 F.3d 890, 893 (7th Cir. 1994) (emphasis added).  "Although the powers of the Trustee are wide in scope, he has no power to assert fiduciary

---

[6] In *Bank of America, N.A. v. Knight*, the Seventh Circuit similarly held:  "Liability is personal.  An allegation that *someone* looted a corporation does not propound a plausible contention that a particular person did anything wrong.  …. Each defendant is entitled to know what he or she did that is asserted to be wrongful.  A complaint based on a theory of collective responsibility must be dismissed."  63 725 F.3d 815, 818 (7th Cir.2013) (emphasis in original).

duty claims on behalf of … creditors." *In re NewStarcom Holdings, Inc.*, 547 B.R. 106, 121 (Bankr. D. Del. 2016). Accordingly, the Court should reject the Trustee's attempt to assert fiduciary duty claims on behalf of creditors.

Even if the Trustee could assert claims on behalf of the Debtors' creditors, the Trustee's breach of fiduciary duty claim fails because, under Delaware law, creditors have no standing to sue for breaches of fiduciary duties in the context of limited liability companies. In *CML V, LLC v. Bax*, a creditor attempted to sue "present and former officers" of an LLC "directly and derivatively for breaching their fiduciary duties." 28 A.3d 1037, 1039 (Del. 2011). The Delaware Supreme Court held that the creditor had no standing to assert claims of breaches of fiduciary duties and affirmed the dismissal of all claims. *Id.* at 1040. The Delaware Supreme Court held that "only LLC members or assignees of LLC interests have standing to sue on behalf of an LLC–creditors do not. Therefore, section 18-1002 preclude[s] the [creditor] from suing derivatively and the Vice Chancellor properly granted the motion to dismiss." *Id.* at 1043. In addition, the Delaware Supreme Court distinguished legal principles applicable to Delaware corporations, reasoning that different rules apply to LLCs pursuant to the Delaware LLC Act. *Id.* at 1045; *see also Trusa v. Nepo*, No. CV 12071-VCMR, 2017 WL 1379594, *4 (Del. Ch. Apr. 13, 2017) ("Trusa does not have standing as a creditor to assert breach of fiduciary duty claims…").

### G.  The Trustee's Claim for Disallowance of Claims Pursuant to 11 U.S.C. § 502(d) is Premature

The Trustee's claim for disallowance of claims pursuant to 11 U.S.C. § 502(d) is premature because the Trustee has not obtained any judgment against OpenGate. In *In re*

*DBSI, Inc.*, the Delaware Bankruptcy Court addressed similar circumstances.  477 B.R. 504, 517 (Bankr. D. Del. 2012).  There, like here, the bankruptcy trustee filed a cause of action for disallowance of claims pursuant to 11 U.S.C. § 502(d).  *Id.*  Like here, the trustee "d[id] not yet have a judgment against the transferee."  *Id.*  The court concluded that the trustee's claim for disallowance of claims was "premature" and dismissed the claim.  *Id. See also, In re DHP Holdings II Corp.*, 435 B.R. 220, 226 (Bankr. D. Del. 2010) ("the Debtors' count to disallow PSI's claims under section 502(d) is premature because the Debtors do not yet have a judgment against PSI and PSI has not even filed a proof of claim.").  Accordingly, the Trustee's claim for disallowance of claims against OpenGate must be dismissed as premature.

**H.  The Trustee's Claim for an Accounting Fails Because OpenGate Were Not Fiduciaries of the Debtors**

The Trustee's accounting claim fails because, under Delaware law, an accounting claim cannot be alleged absent a fiduciary relationship between the parties.  Delaware courts hold that an accounting is not a "freestanding claim," but rather an accounting is an equitable remedy for alleged breaches of fiduciary duties.  "[A]n accounting cannot be a freestanding claim under Delaware law..."  *Garza v. Citigroup Inc.*, 192 F. Supp. 3d 508, 515 (D. Del. 2016); *Rhodes v. Silkroad Equity, LLC*, Civ. No. 2133–VCN, 2007 WL 2058736, *11 (Del.Ch. July 11, 2007) ("An accounting is not so much a cause of action as it is a form of relief. Here, the demand for accounting is inherently dependent on the Court's decision on the fiduciary duty claims.").

As set forth above, OpenGate cannot qualify as fiduciaries of the Debtors because the Trustee cannot truthfully allege that OpenGate Capital or OpenGate Management were

managers or controlling members of any of the Debtors.  And the Trustee cannot truthfully allege that Investors has any fiduciary duties under any limited liability agreement governing the Debtors.  Accordingly, because OpenGate were not fiduciaries, the Trustee's request that OpenGate provide Debtors with an accounting is improper.

## IV.    CONCLUSION

Accordingly, OpenGate respectfully requests that the Court enter an Order dismissing the Trustee's Complaint with prejudice.


Dated: November 13, 2017                              CROSS & SIMON, LLC


                                        By: */s/ Christopher P. Simon*
                                            Christopher P. Simon (No. 3697)
                                            Kevin S. Mann (No. 4576)
                                            David G. Holmes (No. 4718)
                                            1105 North Market Street, Suite 901
                                            P.O. Box 1380
                                            Wilmington, Delaware  19899-1380
                                            (302) 777-4200
                                            (302) 777-4200 (fax)
                                            csimon@crosslaw.com

                                            *Attorneys for OpenGate Capital Group,*
                                            *LLC, OpenGate Capital Management, LLC,*
                                            *and Pennysaver Investors, LLC*